M. M. RICKMAN v. R. J. HOLSHOUSER and R. J. HIGGINBOTHAM, TRADING AND DOING BUSINESS AS MOORESVILLE IRON WORKS.

(Filed 10 April, 1940.)

**Assignments § 2—**

An assignment by an employee of wages earned and due him by the employer is valid without acceptance by the employer, and the assignee may sue the employer thereon, C. S., 446, the provision of chapter 410, Public Laws of 1935, being applicable only to wages to be earned in the future.

APPEAL by defendants from *Gwyn, J.,* at November Term, 1939, of IREDELL. Affirmed.

Action to recover $5.50 wages due one of defendant's employees which had been assigned by him to the plaintiff. From judgment for plaintiff on agreed statement of facts, defendants appealed.

*W. C. Coughenhour and R. Lee Wright for plaintiff.*
*Walter H. Woodson for defendants.*

DEVIN, J. The right of the assignee of a chose in action arising out of contract to sue therefor in his own name has been declared by statute (C. S., 446), and has been upheld in numerous decisions of this Court. *Fertilizer Works v. Newbern,* 210 N. C., 9, 185 S. E., 471; *Horne-Wilson, Inc., v. Wiggins Bros., Inc.,* 203 N. C., 85, 164 S. E., 365; *Trust Co. v. Williams,* 201 N. C., 464, 160 S. E., 484; *Craig v. Stewart,* 163 N. C., 531, 79 S. E., 100; *Vaughan v. Davenport,* 159 N. C., 369, 74 S. E., 967; *Harris v. Burwell,* 65 N. C., 584.

The contention of defendants that the assignment of wages by an employee is invalid unless accepted in writing by the employer, as provided by ch. 410, Public Laws 1935, cannot avail, since that act applies only to assignments of wages to be earned in the future. Here it is agreed that the amount sued for is based upon the assignment of wages already earned and due by the defendants to the assignor. The fact that another instrument executed by the employee refers to wages to become due is immaterial.

The judgment below is
Affirmed.