THOMAS E. OATES AND WIFE, ANITA R. OATES v. JAG, INC.

No. 124PA84

(Filed 13 August 1985)

1. **Negligence § 2; Sales § 6.4— negligent construction of house—third purchaser —recovery in negligence**

   A subsequent purchaser can recover in negligence against the builder of the property if the subsequent purchaser can prove that he has been damaged as a proximate result of the builder's negligence.

2. **Negligence § 2; Sales § 6.4— negligent construction of house—third purchaser —defects not obvious**

   In an action by the third owner of a house against the builder for negligent construction, the Court of Appeals erred by ruling that the defects were not latent where there were no allegations that the defects were obvious or discoverable and many of the defects listed in the complaint were of such a nature that a jury could find that they would not ordinarily be discovered by a purchaser during a reasonable inspection.

3. **Limitation of Actions § 4.2; Negligence § 2— negligent construction of house— statute of limitations**

   The proper statute of limitations to be applied to an action for negligent construction by the third purchaser of a house was G.S. 1-50(5)(a), and plaintiffs' action was not barred by that statute where defendant acquired the unimproved lot on which plaintiff's house was subsequently built on 16 February 1978, defendant constructed the house in which plaintiffs now live and sold it to the first purchaser on 26 October 1978, and plaintiffs filed their complaint on 30 April 1982. Plaintiffs' claim was not barred by the three-year limitation of G.S. 1-52(5) because G.S. 1-50(5)(f) prevents the three-year statute of limitations from accruing until the injury becomes or should reasonably become apparent; plaintiffs purchased their house in 1981 and filed their action in 1982, well within the three year discovery provision and the six-year period from defendant's last act or omission.

ON plaintiffs' petition for discretionary review pursuant to G.S. 7A-31 of a decision of the Court of Appeals, 66 N.C. App. 244, 311 S.E. 2d 369, affirming the order entered by *Smith, J.*, during

the 23 August 1982 Civil Session of WAKE Superior Court, dismissing plaintiffs' action under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

*Brown & Johnson, by C. K. Brown, Jr., for plaintiff-appellants.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Sanford W. Thompson, IV, and John W. Liles, Jr., for defendant-appellee.*

FRYE, Justice.

The precise issue to be answered in this appeal is whether an owner of a dwelling house who is not the original purchaser has a cause of action against the builder and general contractor for negligence in the construction of the house, when such negligence results in economic loss or damage to the owner. We conclude that such a cause of action exists.

On 10 February 1981, the plaintiffs purchased and acquired as tenants by the entirety a dwelling house and lot located in Wake County, North Carolina. This real property was formerly owned by the defendant as unimproved real estate. During the year 1978, the defendant improved the lot by constructing upon it the residence and dwelling house now owned by the plaintiffs. The defendant sold the house and lot to an original purchaser who subsequently sold it to a second purchaser. Plaintiffs purchased the dwelling house from the second purchaser.

According to the allegations in the complaint, the plaintiffs, after moving into the house, "discovered numerous defects, faulty workmanship and negligent construction of the residence," consisting of, among other things, the installation of a drain pipe which had been cut, the failure to use grade-marked lumber, the failure to comply with specific provisions of the North Carolina Uniform Residential Building Code pertaining to certain weight bearing requirements, improper and insufficient nailing on bridging and beams, and faulty and shoddy workmanship. As a result of these specific acts of negligence, plaintiffs alleged they suffered economic loss and were forced to undergo extensive demolition and repair work to correct the defective, dangerous and unsafe

conditions caused by the defendant's negligence. Plaintiffs demanded judgment against defendant in the sum of $25,000.

Defendant answered, denying any negligence, and specifically pleading the "statute of limitations, latches [sic], assumption of risk, accord and satisfaction, and act of God" as affirmative defenses. Defendant furthermore requested that plaintiffs' action be dismissed for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

On 27 August 1982, Judge Donald L. Smith allowed defendant's motion to dismiss pursuant to Rule 12(b)(6). Plaintiffs appealed to the Court of Appeals. That court concluded that the complaint failed to state a claim upon which relief could be granted on the sole ground that plaintiffs did not buy the home from defendant and that there had never been a contractual relationship between plaintiffs and defendant. From that decision, plaintiffs' petition for discretionary review was allowed by this Court.

A.

[1]   We first address the Court of Appeals' decision that plaintiffs' complaint failed to state a valid claim for relief and that dismissal was proper. Dismissal of a complaint is proper under the provisions of Rule 12(b)(6) of the North Carolina Rules of Civil Procedure when one or more of the following three conditions is satisfied: (1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim. *Forbis v. Honeycutt*, 301 N.C. 699, 701, 273 S.E. 2d 240, 241 (1981); *Schloss Outdoor Advertising Company v. City of Charlotte*, 50 N.C. App. 150, 272 S.E. 2d 920 (1980).

The Court of Appeals premised its decision primarily on the fact that there was an absence of contractual privity between plaintiffs and defendant. That court concluded that because (1) an implied warranty of fitness is available only to the initial vendee against a vendor-builder; (2) North Carolina has not extended products liability negligence concepts to the construction of houses or buildings; and (3) in the purchase of homes and buildings the traditional doctrine of *caveat emptor* applies, there

could be no action in North Carolina by a purchaser of a dwelling house, once removed from the original vendee, against the original builder for negligent construction.

It is generally true that many jurisdictions deny a subsequent purchaser relief against the seller-builder for latent defects based upon a traditional implied warranty theory. *See* 10 A.L.R. 4th 385 (1981) (this annotation collects and analyzes the cases that have adopted differing views regarding the issue of whether an implied warranty should extend from a builder to a remote purchaser with whom the seller-builder has no contractual privity). However, we disagree with the Court of Appeals' reasoning in support of its decision that plaintiffs should be denied relief solely because plaintiffs were subsequent purchasers and lacked contractual privity with defendant-builder.

Plaintiffs' complaint, on its face, is replete with specific allegations of negligence on the part of defendant. The action in the instant case sounds in negligence, not implied warranty. In addressing this same question, a Florida intermediate appellate court stated:

> [T]he absence of contractual privity between plaintiff and defendant does not affect plaintiff's tort claim, provided plaintiff can establish the existence of a duty between the parties, and defendant's breach of such duty, with the proximate result that plaintiff suffered the damages of which it complains . . . .
>
> The duty owed by a defendant to a plaintiff may have sprung from a contractual promise made to another; however, the duty sued on in a negligence action is not the contractual promise but the duty to use reasonable care in affirmatively performing that promise. The duty exists independent of the contract. Existence of a contract may uncontrovertibly establish that the parties owed a duty to each other to use reasonable care in performance of the contract, but it is not an exclusive test of the existence of that duty. Whether a defendant's duty to use reasonable care extends to a plaintiff not a party to the contract is determined by whether that plaintiff and defendant are in a relationship in which the defendant has a duty imposed by law to avoid harm to the plaintiff.

*Navajo Circle, Inc. v. Development Concepts Corp.*, 373 So. 2d 689, 691 (Fla. 2d Dist. Ct. App. 1979) (citations omitted).

Therefore, regardless of the validity of any claim based on breach of an implied warranty, plaintiffs' complaint sufficiently states a claim for negligence. In fact, plaintiffs' complaint alleges five specific violations of the North Carolina Uniform Residential Building Code. The North Carolina Uniform Residential Building Code has been held to have the force of law and a violation thereof is negligence *per se. Drum v. Bisaner*, 252 N.C. 305, 113 S.E. 2d 560 (1960); *Sullivan v. Smith*, 56 N.C. App. 525, 289 S.E. 2d 870, *cert. denied*, 306 N.C. 392, 294 S.E. 2d 220 (1982) and cases cited therein.

In *Simmons v. Owens*, 363 So. 2d 142 (Fla. 1st Dist. Ct. App. 1978), plaintiff purchased a home from a seller who had been the original vendee from the vendor-builder. Plaintiff filed a complaint against the original vendor-builder, alleging, *inter alia*, the builder had "negligently constructed the house contrary to the City of Tallahassee Building Code . . ." and that the house contained a latent defect causing damage to plaintiff's home. The trial court dismissed plaintiff's complaint for failure to state a cause of action.

On plaintiff's appeal, the builder argued that the trial court correctly dismissed the complaint because the plaintiff was a remote purchaser and could not sue under a theory of implied warranty. *Id.* at 143. A divided panel of the District Court of Appeals rejected defendant's argument, observing that the defendant had failed "to refer us to a single case which holds that the purchaser of a used home may not sue the contractor for negligent construction where a latent defect causes damage to the house." *Id.* That court reasoned:

> We must be realistic. The ordinary purchaser of a home is not qualified to determine when or where a defect exists. Yet, the purchaser makes the biggest and most important investment in his or her life and, more times than not, on a limited budget. The purchaser can ill afford to suddenly find a latent defect in his or her home that completely destroys the family's budget and have no remedy for recourse. This happens too often. The careless work of contractors, who in the past have been insulated from liability, must cease or

they must accept financial responsibility for their negligence. In our judgment, building contractors should be held to the general standard of reasonable care for the protection of anyone who may foreseeably be endangered by their negligence. Prosser, Torts, p. 519 (2d ed. 1955). But this is for our Supreme Court to decide. *Hoffman v. Jones*, 280 So. 2d 431 (Fla. 1973). We urge it to do so.

*Id.*

Although the Florida Supreme Court does not seem to have addressed the precise question as yet, we are nonetheless persuaded by the reasoning contained in the intermediate appellate court's decision. Indeed, courts in other jurisdictions have recognized a similar rule. *Woodward v. Chirco Construction Co., Inc.*, 141 Ariz. 514, 687 P. 2d 1269 (1984); *Cosmopolitan Homes, Inc. v. Weller*, 663 P. 2d 1041 (Colo. 1983) (dissenting opinion); *Coburn v. Lenox Homes, Inc.*, 173 Conn. 567, 378 A. 2d 599 (1977); *Keyes v. Guy Bailey Homes, Inc.*, 439 So. 2d 670 (Miss. 1983) (en banc); *Newman v. Tualatin Development Co., Inc.*, 287 Or. 47, 597 P. 2d 800 (1979); *Terlinde v. Neely*, 275 S.C. 395, 271 S.E. 2d 768 (1980); *Kriegler v. Eichler Homes, Inc.*, 269 Cal. App. 2d 224, 74 Cal. Rptr. 749 (1st Dist. 1969); *Wright v. Creative Corp.*, 30 Colo. App. 575, 498 P. 2d 1179 (1972); *see generally, Annot.*, 10 A.L.R. 4th 385 (1981). The reasoning of the Court in *Simmons* convinces us that a subsequent purchaser can recover in negligence against the builder of the property if the subsequent purchaser can prove that he has been damaged as a proximate result of the builder's negligence.

B.

[2] The Court of Appeals also concluded that the defects in the instant case were not latent. Therefore, it was decided by that court that plaintiffs should be subjected to the maxim of *caveat emptor* or let the buyer beware. *Oates*, 66 N.C. App. at 247, 311 S.E. 2d at 371. This conclusion is justified, the court said, because "[t]he specific defects were obvious or discoverable upon a reasonable inspection by the plaintiffs. . . ." *Oates*, 66 N.C. App. at 248, 311 S.E. 2d at 371. With this, we cannot agree. Nowhere in the pleadings is there any allegation that the defects were obvious or discoverable. In fact, many of the specific defects contained and listed within the complaint are of such a nature that a

jury could find they would not ordinarily be discovered by a purchaser during a reasonable inspection.

[3] In its brief to this court and the Court of Appeals, defendant further argues that plaintiffs' action is barred by G.S. 1-52(5).[1] We disagree. The proper statute to be applied in this case is G.S. 1-50(5)(a),[2] which provides:

> (5)a No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement.

That statute furthermore provides:

> (5)b For the purpose of this subdivision, an action based upon or arising out of the defective or unsafe condition of an improvement to real property includes:
>
> . . . .
>
> 2. Actions to recover damages for the negligent construction or repair of an improvement to real property.

In the instant case, defendant acquired the unimproved lot on which plaintiffs' house was subsequently built by defendant on 16 February 1978. Thereafter, defendant improved the real estate by constructing on the lot the house in which plaintiffs now live. The house was sold by defendant to the first purchaser on 26 October 1978. Plaintiffs filed their complaint on 30 April 1982. Regardless of which date is selected in this case to determine when the statute begins to run, whether it be 16 February or 26 October 1978, it is abundantly clear that plaintiffs filed their action within six years from either date. Therefore, plaintiffs' action is not barred by the applicable statute of repose.

---

1. This statute of limitations applies to actions for criminal conversation, or for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated.

2. This statute is more properly labeled a statute of repose. *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 202 S.E. 2d 868 (1983).

Defendant also argues that the three-year statute of limitations contained within G.S. 1-52(5) acts as an absolute bar to plaintiffs' claim and that G.S. 1-50(5) cannot revive that claim. This argument lacks merit. G.S. 1-50(5)(f) provides:

> (5)f This subdivision prescribes an outside limitation of six years from the later of the specific last act or omission or substantial completion, within which the limitations prescribed by G.S. 1-52 and 1-53 continue to run. For purposes of the three-year limitation prescribed by G.S. 1-52, a cause of action based upon or arising out of the defective or unsafe condition of an improvement to real property shall not accrue until the injury, loss, defect or damage becomes apparent or ought reasonably to have become apparent to the claimant. However, as provided in this subdivision, no action may be brought more than six years from the later of the specific last act or omission or substantial completion.

This subsection does not support defendant's argument. First, subsection (5)f contains a specific discovery provision that operates in conjunction with G.S. 1-52. That discovery provision prevents the three-year statute of limitations from accruing "until the injury, loss, defect or damage becomes apparent or ought reasonably to have become apparent to the claimant." In the instant case, the claimant-plaintiffs did not purchase the home until 10 February 1981. Thus, even if plaintiffs should have reasonably discovered the defects on that date and G.S. 1-52 should have then begun to run, plaintiffs would still have had three years from that date to commence an action, or until 10 February 1984, provided that not more than six years had elapsed since the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement by defendant. There are no facts alleged to indicate the later date for determining when the six-year period of repose would begin to run. The house was sold to the first vendees on 26 October 1978, and construction must have begun sometime after defendant purchased the lot in February of that same year. Regardless of the precise date in 1978 when the later act occurred, six years would not terminate until the year 1984. Plaintiffs' complaint was filed and their action commenced in 1982, well within the six-year period of repose. Thus, even if, as defendant contends, G.S. 1-52 is

the proper statute of limitations, plaintiffs would still have timely filed the instant action.

In conclusion, we reject the argument that plaintiffs' claim would be barred by G.S. 1-52(5), since the complaint was filed within three years after the date they purchased the home, the earliest date contained in the record to indicate that the defects could have become apparent to plaintiffs. Nor does G.S. 1-50(5) bar plaintiffs' action because six years had not elapsed since the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement by defendant. Accordingly, the decision of the Court of Appeals must be reversed. The case is remanded to that court for further remand to the trial court for proceedings not inconsistent with this opinion.

Reversed and remanded.