WILLIAM M. EVANS AND WIFE, HILDA G. EVANS v. VESTER MITCHELL

No. 8425SC1058

(Filed 29 October 1985)

**Limitation of Actions § 4.2; Negligence § 2— negligent construction of house— statute of repose**

  Plaintiffs have a cause of action for negligence against the builder of a house even though they were not the original purchasers of the house. However, their claim was barred by the six-year statute of repose of G.S. 1-50(5) where plaintiffs alleged that defendant built and sold the house in 1972 and their action was filed in 1982.

ON reconsideration pursuant to the 19 September 1985 Order of the Supreme Court of North Carolina directing that this cause be reviewed in light of its decision in *Oates v. JAG, Inc.*, 314 N.C. 276, 333 S.E. 2d 222 (1985). Originally heard in the Court of Appeals 9 May 1985.

The plaintiffs, William and Hilda Evans, brought suit against the defendant, Vester Mitchell, to recover damages for the faulty construction of their home. Their complaint stated three theories of recovery: implied warranty, fraud and deceptive practices in violation of G.S. Ch. 75, and negligence. On 16 September 1982, the plaintiffs filed a complaint in which they alleged *inter alia* that in October 1972 the defendant negligently constructed and placed into commerce a dwelling which the plaintiffs subsequently purchased. The plaintiffs further alleged the defendant's negligent construction caused the plaintiffs' house to crack and crumble. After a trial on the matter, the trial court allowed defendant's motion for directed verdict as to the first two of these issues, but allowed the issue of negligence to be decided by the jury. The jury found the defendant was negligent in the construction of the house and awarded plaintiffs $10,000 in damages.

Evans v. Mitchell

From judgment entered on the verdict, defendant appealed. On 21 May 1985, this Court filed an opinion reversing the judgment. This decision was based upon *Oates v. JAG, Inc.*, 66 N.C. App. 244, 311 S.E. 2d 369 (1984), in which this Court had held that a subsequent purchaser of a house, once removed from the original vendee, could not maintain an action against the original builder for negligent construction of the house. On 13 August 1985, the Supreme Court reversed this decision and held that a subsequent purchaser could recover from the builder. The decision also established that these actions are governed by the time limitations set forth in G.S. 1-50(5). On 19 September 1985 the Supreme Court remanded this cause of action for reconsideration in light of the *Oates* decision.

*McMurray & McMurray, by John H. McMurray, for defendant appellant.*

*Sowers, Avery & Crosswhite, by William E. Crosswhite, for plaintiff appellees.*

ARNOLD, Judge.

Defendant contends the trial court erred by denying his motion for directed verdict as to the plaintiffs' negligence claim. We agree.

The plaintiffs have a cause of action for negligence against the builder even though they were not the original purchasers of the house. *Oates v. JAG, Inc.*, 314 N.C. 276, 333 S.E. 2d 222 (1985). However, the plaintiffs' complaint reveals, on its face, another bar to recovery. G.S. 1-50(5) in pertinent part provides that "[n]o action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specified last act or omission of the defendant . . . or substantial completion of the improvement." In their complaint plaintiffs allege that the defendant built and sold the house in October 1972. This action was not filed until September of 1982. Thus, the action is barred by G.S. 1-50(5). Therefore, the judgment must be and hereby is

Reversed.

Judges MARTIN and PARKER concur.