RICHARD F. FLORADAY, JR. AND WIFE, CHRISTINE E. FLORADAY, APPELLANT
v. DON GALLOWAY HOMES, INC., APPELLEE

No. 9226SC983

(Filed 5 April 1994)

**Negligence § 125 (NCI4th) — negligent construction of retaining wall — subsequent purchaser of house — claim against builder**

A subsequent purchaser of a house has a claim against the builder for the builder's negligent construction of a retaining wall adjacent to the house when the builder's negligence in constructing the retaining wall has materially affected the use and enjoyment of the house itself.

**Am Jur 2d, Negligence §§ 82 et seq., 130 et seq.**

Judge JOHN concurring.

Appeal by plaintiffs Richard and Christine Floraday from judgment on the pleadings entered 25 June 1992 by Judge Claude S. Sitton in Mecklenburg County Superior Court. Heard in the Court of Appeals 15 September 1993.

*Hedrick, Eatman, Gardner & Kincheloe, by Gregory C. York, for plaintiffs-appellants.*

*Parham, Helms, & Kellam, by Raymond L. Lancaster and R. Susanne Knox, for defendant-appellee.*

WYNN, Judge.

The question presented in this case is whether a negligent construction action can be maintained by subsequent buyers against

**FLORADAY v. DON GALLOWAY HOMES**

[114 N.C. App. 214 (1994)]

the builder of a backyard retaining wall. We hold that it can and reverse the trial court's grant of summary judgment.

On or about 27 August 1984 Charles and Kathleen Gindhart contracted to buy a home at 11838 Post Ridge Court from Don Galloway Homes, Inc. ("Galloway"), the home's builder. At the time they made the contract, the house was partially constructed. Because the Gindharts were concerned that the gradient of the backyard might cause a mudslide, they conditioned the sale on construction of adequate mudslide protection. Pursuant to this condition, Galloway built a backyard retaining wall using railroad ties. The sale closed on 19 October 1984.

Plaintiffs Richard and Christine Floraday purchased this house from the Gindharts on 24 August 1987. On or about 29 June 1990, as the Floradays prepared to sell the home, a structural inspection of the property uncovered problems with the retaining wall. On 12 September 1990 the Floradays sued Galloway for damages arising from negligent construction of the retaining wall. The Floradays characterized the wall as "infested with termites, improperly treated for ground contact, improperly anchored, and on the verge of collapse," and as "quite dangerous." Galloway moved for judgment on the pleadings. Its motion was granted on 25 June 1992. Plaintiffs appeal.

Since the court considered affidavits and photographs as well as the pleadings, we will treat plaintiff's appeal as an appeal from summary judgment under Rule 56. N.C. Gen. Stat. § 1A-1, Rule 12(c); *Battle v. Clanton*, 27 N.C. App. 616, 220 S.E.2d 97 (1975), *disc. rev. denied*, 289 N.C. 613, 223 S.E.2d 391 (1976). Thus, we must determine whether there is a genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law. *Oliver v. Roberts*, 49 N.C. App. 311, 271 S.E.2d 399 (1980), *cert. denied*, 276 S.E.2d 283 (1981); *Smith v. Smith*, 65 N.C. App. 139, 308 S.E.2d 504 (1983).

The question before us is whether a subsequent purchaser of a residential home has a cause of action against the original builder for the builder's negligent construction of a retaining wall adjacent to the house. The answer depends on whether the duty of reasonable care in construction owed by a home builder to a subsequent home purchaser extends beyond the house itself.

In *Oates v. JAG, Inc.*, 314 N.C. 276, 333 S.E.2d 222 (1985), our Supreme Court ruled that a subsequent purchaser may sue the builder of a house for negligent construction. *See also Dellinger v. Lamb*, 79 N.C. App. 404, 339 S.E.2d 480, *disc. rev. denied*, 317 N.C. 702, 347 S.E.2d 39 (1986); *Evans v. Mitchell*, 77 N.C. App. 598, 335 S.E.2d 758 (1985), *disc. rev. denied*, 316 N.C. 376, 342 S.E.2d 893 (1986). In other jurisdictions, *see Coburn v. Lenox Homes, Inc.*, 378 A.2d 599 (Conn. 1977); *Moxley v. Laramie Builders, Inc.*, 600 P.2d 733 (Wyo. 1979); *Brown v. Fowler*, 279 N.W.2d 907 (S.D. 1979). In *Oates*, plaintiffs were the third owners of a house who discovered conditions characterized as "defective, dangerous and unsafe," including a faulty drain pipe, use of non-grade-marked lumber, noncompliance with some North Carolina Uniform Residential Building Code weight bearing requirements, "improper and insufficient nailing on bridging and beams, and faulty and shoddy workmanship." 314 N.C. at 277, 333 S.E.2d at 224. They sued the builder for negligent construction of the house. The *Oates* Court pointed out that a suit in negligence does not require contractual privity between the parties:

> The duty owed by a defendant to a plaintiff may have sprung from a contractual promise made to another; however, the duty sued on in a negligence action is not the contractual promise but the duty to use reasonable care in affirmatively performing that promise. 314 N.C. at 279, 333 S.E.2d at 225.

Thus, the proper inquiry is not whether the parties had a contract, but whether "plaintiff and defendant are in a relationship in which the defendant has a duty imposed by law to avoid harm to the plaintiff." *Id.* The Court concluded that the law does impose a duty of reasonable care between a home builder and a subsequent purchaser. In finding this duty, the Court recognized that a home is unlike any other consumer purchase, such as a car or furniture. It reasoned that a home is a tremendous financial undertaking and is often the largest single investment a consumer ever makes. At the same time, the typical home buyer is ill-equipped to evaluate the quality of workmanship, especially where defects are hidden from sight. The need for special protection of these investments justifies extending the duty of reasonable care to subsequent purchasers.

The Supreme Court's rationale informs our reasoning today. The Floradays allege a loss of the investment they made in their

FLORADAY v. DON GALLOWAY HOMES

[114 N.C. App. 214 (1994)]

property that is similar to the loss they would face if the house itself had been damaged. To limit the builder's duty to the four walls of the house itself would be formalistic and would ignore the reality of the financial risks undertaken by property purchasers. We believe there can be other, related structures on a residential property which are so essential to the use and enjoyment of the house that they should be subject to the same protection as the house itself. Therefore, we hold that a subsequent purchaser of a home has a cause of action against the home's builder where the builder's negligence in building a structure on the premises has materially affected the use and enjoyment of the house itself.

In the subject case, there are factual questions as to whether the alleged damage to the retaining wall has materially affected the use and enjoyment of the house and if so, whether it was due to a breach of duty by Galloway. Accordingly, summary judgment is reversed.

Reversed.

Chief Judge Arnold concurs.

Judge John concurs in a separate opinion.

Judge JOHN concurring.

I concur in the result reached by the majority because I also believe reversal of the entry of summary judgment for Galloway is required by *Oates v. JAG, Inc.* However, I respectfully decline to join in the majority's gloss upon *Oates* "that a subsequent purchaser of a home has a cause of action against the home's builder where the builder's negligence in building a structure on the premises *has materially affected the use and enjoyment of the house itself.*" (Emphasis added).

Neither plaintiffs nor Galloway, in their briefs to this Court, advocate the "materially affected" test adopted by the majority in its holding, a question arguably never determinable as a matter of law. Rather, plaintiffs assert that:

> the application of *Oates* should not be limited to the specific dwelling unit . . . . The retaining wall in question was just as much a part of the home purchased by [plaintiffs] as a detached garage, paved driveway, or other fixture which a

builder may construct on a lot in order to complete a property for sale.

Plaintiffs' further assert liability for negligent construction should not be limited to fixtures actually "attached to or physically a part of the actual house structure."

I find plaintiffs' argument persuasive, as well as the majority's comment that "[t]o limit the builder's duty to the four walls of the house itself would be formalistic . . . ." It is uncontroverted that the retaining wall in question, although not physically attached to the house structure, was part and parcel of the original construction of the residential premises purchased by plaintiffs, and indeed part of the purchase contracted for by the original buyers. As such, it fell within a fair interpretation of the purview of *Oates* without the majority's imposition of a new "materially affected" test, and summary judgment should not have been entered against the plaintiffs herein.

Accordingly, I concur only in the result reached by the majority.