RICHARD F. FLORADAY, JR. AND WIFE, CHRISTINE E. FLORADAY v. DON GALLOWAY HOMES, INC.

No. 232PA94

(Filed 5 May 1995)

**Negligence § 125 (NCI4th)— negligent construction of retaining wall—subsequent purchaser of house—claim against builder**

An owner of a dwelling house who is not the original purchaser has a claim against the builder for the negligent construction of other structures where the defective construction materially affects the structural integrity of the house itself. Therefore, a subsequent purchaser had a claim against the builder for negligent design and construction of a backyard retaining wall where there was a severe gradient in the backyard of the house, and the wall was necessary to prevent mud slides, thereby directly affecting the structural integrity of the house.

**Am Jur 2d, Negligence §§ 119-129, 190-192.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 114 N.C. App. 214, 441 S.E.2d 610 (1994), reversing summary judgment for defendant entered by Sitton, J., in Superior Court, Mecklenburg County, on 25 June 1992. Heard in the Supreme Court 17 March 1995.

*Morris, York, Williams, Surles & Brearley, by Gregory C. York, for plaintiff-appellees.*

*Kellam, Lancaster & Trotter, by Raymond L. Lancaster and William H. Trotter, Jr., for defendant-appellant.*

FRYE, Justice.

This appeal presents the question of whether an owner of a dwelling house who is not the original purchaser has a cause of action

against the builder for negligence in the construction of a backyard retaining wall that materially affects the structural integrity of the house, when such negligence results in damage to the owner. We conclude that the reasoning in *Oates v. JAG, Inc.*, 314 N.C. 276, 333 S.E.2d 222 (1985), extends to such structures. We, therefore, affirm the decision of the Court of Appeals, which reversed summary judgment entered by the superior court in defendant's favor.

On or about 27 August 1984, Charles and Kathleen Gindhart entered into a contract with defendant to purchase a single-family dwelling located at 11838 Post Ridge Court in Charlotte. At the time the contract was formed, the residence was partially completed, and there was a severe gradient in the backyard. The contract was contingent on the Gindharts' acceptance of the mud slide protection which was to be installed by defendant. Prior to closing on the contract, defendant built—and the Gindharts accepted—a backyard retaining wall which was constructed from railroad ties.

Plaintiffs subsequently purchased the residence from the Gindharts on 24 August 1987. In June of 1989, plaintiffs were preparing to sell the home when a structural inspection of the property uncovered problems with the retaining wall. The wall was infested with termites, improperly treated for ground contact, and on the verge of collapse. Upon learning of the condition of the wall, plaintiffs paid to remove and replace the wall built by defendant.

Plaintiffs filed their complaint against defendant in Superior Court, Mecklenburg County, on 12 September 1990. Plaintiffs alleged that the retaining wall was defective and that defendant was negligent in the design and construction of the wall. Plaintiffs also alleged expenditures in an amount in excess of $10,000 to replace the retaining wall. On 7 December 1990, defendant filed an answer asserting that plaintiffs' claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Additionally, defendant asserted as affirmative defenses the statute of limitations and statute of repose. The courts below have not ruled on the affirmative defenses, and those questions are not before this Court.

On 13 May 1992, pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure, defendant filed a motion for judgment on the pleadings, requesting dismissal of the action on the grounds that the complaint failed to state a claim upon which relief could be granted. At the hearing on this motion, plaintiffs submitted pho-

**FLORADAY v. DON GALLOWAY HOMES**

[340 N.C. 223 (1995)]

tographs of both the wall which defendant built and the new wall. Additionally, plaintiffs submitted affidavits from themselves and Kathleen A. LaFrance, formerly Kathleen Gindhart. The affidavits indicated that plaintiffs were not aware of the damage to the wall when they purchased the home and that the initial owners purchased the home on the condition that defendant build the retaining wall to insure against mud slides. Defendant did not present any material beyond the pleadings.

On 25 June 1992, the trial judge entered summary judgment in favor of defendant and dismissed plaintiffs' action. On appeal by plaintiffs, the Court of Appeals reversed, with Judge John concurring in a separate opinion. We allowed defendant's petition for discretionary review in order to determine whether the Court of Appeals erred in holding that plaintiffs' complaint stated a claim for relief under North Carolina law.

Although defendant's motion was made under Rule 12(c) for judgment on the pleadings, the trial court correctly treated it as a motion for summary judgment since plaintiffs filed affidavits and photographs which were not excluded by the trial court. Rule 12(c) provides:

> (c) *Motion for judgment on the pleadings.*—After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

N.C.G.S. § 1A-1, Rule 12(c) (1990). Thus, we are presented with the question of whether the trial court properly entered summary judgment for defendant.

We have held that summary judgment should be " 'granted when, viewing the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.' " *Aetna Casualty & Surety Co. v. Nationwide Mut. Ins. Co.*, 326 N.C. 771, 774, 392 S.E.2d 377, 379 (1990) (quoting *Beckwith v. Llewellyn*, 326 N.C. 569, 573, 391 S.E.2d 189, 191, *reh'g denied*, 327 N.C. 146, 394 S.E.2d 168 (1990)). In

FLORADAY v. DON GALLOWAY HOMES

[340 N.C. 223 (1995)]

order to be entitled to summary judgment, the moving party must bear the burden and show that no questions of material fact remain to be resolved. *Id.*

Plaintiffs' claim raised a genuine issue as to defendant builder's negligence in the design and construction of the retaining wall, the necessary costs to remedy defects caused by defendant builder's negligence, and the appropriate damages for which plaintiffs might be compensated. Additionally, plaintiffs submitted affidavits and photographs in support of their claim. Defendant submitted no material beyond its pleadings. Defendant, the moving party here, did not meet its burden of showing that no questions of material fact remained to be resolved or that it was entitled to summary judgment as a matter of law. *See generally Vassey v. Burch*, 301 N.C. 68, 269 S.E.2d 137 (1980). The trial court thus erred by entering summary judgment for defendant.

While the record is clear that the forecast of evidence before the trial court was insufficient to support summary judgment for defendant, there is still a question of whether plaintiffs' complaint stated a claim for relief under North Carolina law. Defendant contends that a subsequent purchaser does not have a right to file a negligence action against a builder for any defect to a structure not within the four walls of the house itself. We disagree and conclude that plaintiffs' complaint did state a claim for relief.

The Court of Appeals, in reversing the trial court, concluded that there can be, under certain circumstances, related structures on a residential property which should have the same protection as the house itself because they are essential for the use and enjoyment of the home. The Court of Appeals reasoned that the structure built on plaintiffs' property—the retaining wall—was such a structure and that plaintiffs therefore did have a right to bring a negligence action against the builder of the retaining wall. The majority of the panel concluded that factual questions remained as to whether the alleged damage to the retaining wall had materially affected the use and enjoyment of the house and, if so, whether the damage was due to a breach of duty by defendant. *Floraday v. Don Galloway Homes*, 114 N.C. App. 214, 217, 441 S.E.2d 610, 612 (1994). Accordingly, summary judgment for defendant was reversed.

Judge John concurred in the result, noting:

It is uncontroverted that the retaining wall in question, although not physically attached to the house structure, was part

and parcel of the original construction of the residential premises purchased by plaintiffs, and indeed part of the purchase contracted for by the original buyers. As such, it fell within a fair interpretation of the purview of *Oates* without the majority's imposition of a new "materially affected" test, and summary judgment should not have been entered against the plaintiffs herein.

*Id.* at 218, 441 S.E.2d at 613 (John, J., concurring).

The right of a subsequent purchaser to bring an action against a builder for negligent construction of a dwelling was established in *Oates v. JAG, Inc.*, 314 N.C. 276, 333 S.E.2d 222. In *Oates*, the plaintiffs were the third purchasers of a house and lot located in Wake County. In summarizing the specifics of the alleged negligence, this Court stated:

> According to the allegations in the complaint, the plaintiffs, after moving into the house, "discovered numerous defects, faulty workmanship and negligent construction of the residence," consisting of, among other things, the installation of a drain pipe which had been cut, the failure to use grade-marked lumber, the failure to comply with specific provisions of the North Carolina Uniform Residential Building Code pertaining to certain weight bearing requirements, improper and insufficient nailing on bridging and beams, and faulty and shoddy workmanship. As a result of these specific acts of negligence, plaintiffs alleged they suffered economic loss and were forced to undergo extensive demolition and repair work to correct the defective, dangerous and unsafe conditions caused by the defendant's negligence.

*Id.* at 277-78, 333 S.E.2d at 224. The defendant builder moved to dismiss the complaint in *Oates* for failure to state a claim upon which relief could be granted because plaintiffs did not purchase the home from defendant. This Court held that subsequent purchasers may maintain an action against a home builder for negligent construction of the house.

We have not passed upon the question of whether our holding in *Oates* applies to structures which are not attached to the house itself. However, our reasoning, and the rationale of similar decisions in other jurisdictions, would hold a builder liable to subsequent purchasers of homes where the builder's negligence causes defects that materially impair the structural integrity of the dwelling. *See Coburn v. Lenox Homes, Inc.*, 173 Conn. 567, 378 A.2d 599 (1977) (subsequent

purchasers stated cause of action against home builder for faulty septic system); *Simmons v. Owens*, 363 So. 2d 142 (Fla. Dist. Ct. App. 1978) (builder liable to subsequent buyers for foreseeable negligent construction of a home which was damaged by water rot and termite infestation), *overruled in part on other grounds by Casa Clara Condominium Ass'n v. Charley Toppino and Sons, Inc.*, 620 So. 2d 1244 (Fla. 1993); *Brown v. Fowler*, 279 N.W.2d 907 (S.D. 1979) (builder liable to subsequent purchasers for negligently constructing a home on filler material); *Moxley v. Laramie Builders, Inc.*, 600 P.2d 733 (Wyo. 1979) (builder of home is liable to subsequent purchasers for foreseeable damages from his negligent installation of electrical wiring). Counsel have cited no cases rejecting such a claim on the sole ground that the structure is not attached to or a part of the four walls of the house, and we have found none.

The structure in question is a retaining wall which is located in the back of the house, as opposed to being attached to the house; however, the wall is no less important to the structural integrity of the dwelling than parts of the house itself. It is undisputed that there was a severe gradient in the backyard of the home and that the wall was necessary to insure against mud slides, directly affecting the structural integrity of the house. The wall was such a necessary part of the home that the initial purchasers made the building of the retaining wall a condition of the contract to purchase the house.

Defendant contends that it is significant that the parties to the original contract to build the home characterized the retaining wall as landscaping. We disagree. Notwithstanding the characterization of the wall as landscaping, it is undisputed that the wall was required to prevent mud slides, directly affecting the structural integrity of the house. Thus, without the wall, the home would be of little or no value.

As an alternative to its contention that plaintiffs' complaint does not state a claim for relief, defendant argues that the standard adopted by the Court of Appeals is unworkable. The Court of Appeals held that "a subsequent purchaser of a home has a cause of action against the home's builder where the builder's negligence in building a structure on the premises has materially affected the use and enjoyment of the house itself." *Floraday v. Don Galloway Homes*, 114 N.C. App. at 217, 441 S.E.2d at 612. At oral argument, defendant contended that the holding of the Court of Appeals should, at least, be restricted to those cases where the defect in question materially affects the structural integrity of the house. We agree. Accordingly, we hold that

a subsequent purchaser of a home may hold the builder liable for the negligent construction of other structures where the defective construction materially affects the structural integrity of the house itself.

Thus, for the reasons stated herein, rather than those stated by the Court of Appeals, we affirm the decision of the Court of Appeals, which reversed the trial court's grant of summary judgment in favor of defendant.

AFFIRMED.