DAMON OWENS-BEY Plaintiff,
v.
THE COUNTY OF FORSYTH et al. THE CITY OF WINSTON SALEM et al. Defendants.
No. COA09-1307.
Court of Appeals of North Carolina.
Filed May 4, 2010.
Damon Owens-Bey, Plaintiff-Appellant, pro se.
Assistant County Attorney, Kevin J. McGuckin, for Forysth County, Defendant-Appellee.
Anthony J. Baker, for City of Winston-Salem, Defendant-Appellee.

UNPUBLISHED OPINION
STEPHENS, Judge.
Plaintiff is currently incarcerated at Pasquotank Correctional Institution in Elizabeth City, North Carolina.[1] On 1 May 2009, Plaintiff, in propria persona, filed a document entitled "Alternative Writ of Habeas Corpus for Avertment [sic] of Jurisdiction" in Forsyth County Superior Court. Plaintiff claimed that neither Forsyth County nor the City of Winston Salem (collectively, "Defendants") possessed jurisdiction to restrain or confine him as a "recognized Sovereign of Moorish descent" and that Defendants "unlawfully placed [P]laintiff under restraint of his sovereignty, personal liberty, private and unalienable rights[.]" Also on 1 May 2009, Plaintiff filed an application for a writ of habeas corpus ad testificandum.[2]
In May 2009, Defendants filed separate motions to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim for relief and, alternatively, for a more definite statement. On 13 July 2009, Judge Judson D. DeRamus, Jr. granted Defendants' motions to dismiss for failure to state a claim. From the trial court's order, Plaintiff appeals.

Discussion

I. Writ of Habeas Corpus Ad Testificandum
Plaintiff first contends the trial court erred by not granting his application for writ of habeas corpus ad testificandum. Article 8 of Chapter 17 of the General Statutes establishes procedures for application, issuance, and service of a writ of habeas corpus ad testificandum. N.C. Gen. Stat. § 17-41 et seq. (2009). This article states that a court "has power, upon application of any party to any suit or proceedings, civil or criminal, pending in such court, to issue a writ of habeas corpus for the purpose of bringing before the said court any prisoner . . . to be examined as a witness in such suit or proceeding in behalf of the party making the application." N.C. Gen. Stat. § 17-41. Thus, a court has the discretionary power to issue the writ if the presence of the prisoner "to be examined as a witness" is required. A court is required by law to deny an application for a writ of habeas corpus when "no probable ground for relief is shown in the application." N.C. Gen. Stat. § 17-4 (2009).
In the present case, Plaintiff's application for a writ of habeas corpus ad testificandum is devoid of any statement of the grounds for relief. Furthermore, Plaintiff failed to complete his application and did not select an agency to which his application should be forwarded. Plaintiff also failed to complete the portion of his application which would indicate receipt of the writ by an agency and service of the writ upon the North Carolina Department of Correction. Accordingly, the trial court was required to deny Plaintiff's application for a writ of habeas corpus. See N.C. Gen. Stat. § 17-4. Plaintiff's argument is overruled.

II. Failure to State a Claim
Plaintiff also contends that the trial court erred by dismissing his complaint for failure to state a claim. Plaintiff's argument is without merit.
A motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure presents the question whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory.
Lynn v. Overlook Dev., 328 N.C. 689, 692, 403 S.E.2d 469, 471 (1991).
Dismissal of a complaint is proper under the provisions of Rule 12(b)(6) of the North Carolina Rules of Civil Procedure when one or more of the following three conditions is satisfied: (1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim.
Oates v. JAG, Inc., 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985).
Plaintiff's "Writ of Habeas Corpus for Avertment [sic] of Jurisdiction" asserts that Defendants "unlawfully placed [P]laintiff under restraint of his sovereignty, personal liberty, private and unalienable rights without establishing and attaching in personam and subject matter jurisdiction[,]" and Plaintiff seeks "damages to exceed $2,500,000 or 2,500 ounces of gold." It appears to this Court that Plaintiff attempts to assert that he is unlawfully incarcerated by Defendants. However, Plaintiff failed to allege any transactions or occurrences of facts demonstrating that either Defendant is responsible for Plaintiff's incarceration. Indeed, our decision in Owens, 175 N.C. App. 248, 623 S.E.2d 89, 2005 WL 3469761, at *2, reveals that Plaintiff was incarcerated by the State of North Carolina. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and the trial court's order of dismissal is
AFFIRMED.
Judges ERVIN and BEASLEY concur.
Report per Rule 30(e).
NOTES
[1] On 23 August 2004, Plaintiff was convicted of second-degree murder and possession of a firearm by a convicted felon. State v. Owens, 175 N.C. App. 248, 623 S.E.2d 89, 2005 WL 3469761, at *2 (2005) (unpublished) (finding no error in the judgment and commitment of the trial court), disc. review denied, 360 N.C. 366, 630 S.E.2d 450 (2006). Plaintiff was sentenced to an active term of imprisonment of 200 to 249 months. Id.
[2] Pursuant to N.C. Gen. Stat. § 17-41 (2009), "[e]very court of record has power, upon the application of any party to any suit or proceeding, civil or criminal, pending in such court, to issue a writ of habeas corpus, for the purpose of bringing before the said court any prisoner who may be detained in any jail or prison within the State, for any cause, . . . to be examined as a witness in such suit or proceeding in behalf of the party making the application."