JOHN DOMINGUE, Plaintiff v. NEHEMIAH II, INC., a North Carolina Corporation, WANDA GARWOOD, an Individual, and Does 1 through 50, Defendants

No. COA10-300

(Filed 7 December 2010)

**1. Construction Claims— subsequent owner—claim sufficiently stated**

The trial court erred by granting defendants' motion to dismiss a claim of negligent home construction under N.C.G.S. § 1A-1, Rule 12 (b)(6) where plaintiff was a subsequent owner of the home. Controlling precedent does not require a showing of statutory violations or defects materially affecting structural integrity for a subsequent builder to maintain an action.

**2. Contracts— home construction—subsequent owner—claim sufficiently stated**

Plaintiff's allegations of breach of contract in the construction of a house were sufficient to survive a motion to dismiss under N.C.G.S. § 1A-1, Rule 12 (b)(6) where plaintiff was a subsequent purchaser who asserted that he was the successor-in-interest to any claims under the original owner's contracts to build the house and to correct construction defects. The record was not clear as to whether plaintiff was, in fact, an assignee of any possible claims the original owners may have had.

**3. Appeal and Error— interpretation of complaint—not addressed below**

The Court of Appeals did not address the issue of whether a complaint sufficiently set forth a claim of breach of the implied warranty of habitability where that theory of relief was not addressed by defendants or the trial court.

Appeal by plaintiff from order entered 27 October 2009 by Judge Walter H. Godwin in Pasquotank County Superior Court. Heard in the Court of Appeals 14 September 2010.

*Berliner Cohen, by John Domingue, for plaintiff-appellant.*
*G. Elvin Small, III, for defendant-appellees.*

*HUNTER, JR., Robert N., Judge.*

DOMINGUE v. NEHEMIAH II, INC.

[208 N.C. App. 429 (2010)]

John H. Domingue ("plaintiff"), a subsequent owner to the original homeowner, brought claims of negligence and breach of contract against Nehemiah II, Inc., and Wanda Garwood ("defendants") for alleged defective construction of a dwelling. Plaintiff's claims were dismissed under Rule 12(b)(6) for failure to state a claim for which relief could be granted, in part due to lack of privity and lack of duty of care. We conclude plaintiff's complaint sufficiently alleged negligence, and the trial court erred in dismissing the complaint. Accordingly, we reverse the trial court's order.

## I. Facts and Procedural History

The present appeal arises from a complaint filed on 19 May 2008 by plaintiff against defendants and fifty unnamed individuals who were alleged to be the agents or employees of Nehemiah II, Inc., and Wanda Garwood. Plaintiff's complaint set forth two causes of action: negligence by all defendants in the construction of plaintiff's residence located in Elizabeth City, North Carolina; and breach of contract by defendants Nehemiah II, Inc., and Wanda Garwood for failing to perform the construction with ordinary care and failing to repair construction defects. Defendants filed a Rule 12(b)(6) motion to dismiss for failure to state a claim for relief. A hearing on this motion was held on 26 October 2009 and defendants' motion to dismiss was granted on 27 October 2009. Plaintiff gave timely notice of appeal from a final order under N.C. Gen. Stat. § 7A-27(b) (2009) seeking reversal of the order to dismiss.

During August 2003, defendants completed construction on plaintiff's residential home located at 102 Kiwi Court in Elizabeth City, North Carolina. Plaintiff is not the original owner of the residence and he does not refer to the original owners by name in his complaint. The only mention of the original owners' name is found in a footnote in plaintiff's reply brief, referring to "the Boyles" as the prior owners. Nor does the record reveal when plaintiff acquired ownership of the residence. Plaintiff alleges, however, to be the Boyles' successor-in-interest.

According to plaintiff, defendants executed a written contract with the Boyles to construct the residence in a "good and workmanlike manner," and that defendants substantially completed construction on or about August 2003. Plaintiff also alleges that defendants entered into a written contract on 13 June 2005 to "correct all problems" with the house.

Although the record does not disclose how or when plaintiff discovered the alleged defects, plaintiff contends that defendants' construction was not completed in a good and workmanlike manner and resulted in multiple defects in the residence including: damaged roof shingles requiring replacement of the roof or sections thereof; improperly installed or defective flashings that permitted water to intrude behind the siding; failure to properly waterproof doorjambs and install doors resulting in water intrusion, fungal growth, and damage to the subfloor; a defective foundation and defective floor joists that resulted in sagging floors, as well as cracked walls and tiles.

Plaintiff alleges these defects evidence that defendants breached their duty to plaintiff to exercise ordinary care in the construction of the residence. Defendants' negligence, plaintiff argues, has resulted in unspecified damages to correct the defects and loss of property value to the extent any defects cannot be remedied.

Plaintiff further alleges that as a result of defendants' negligent construction, defendants breached both the contract for the construction of the residence and the subsequent contract for correcting all defects. Plaintiff contends, however, that he and the Boyles satisfied all of their obligations under the contracts with defendants, including payment of the full contract price for the construction and repairs.

Plaintiff filed this suit on 19 May 2008, with two causes of action, negligence and breach of contract. Defendants did not file an answer, but on 1 December 2008, defendants filed a motion to dismiss as to all of plaintiff's claims asserting that the claims were barred by the statute of limitations pursuant to N.C. Gen. Stat. §§ 1-50 and 1-52 (2009), and that the complaint failed to state a claim upon which relief could be granted pursuant to North Carolina Rules of Civil Procedure 12(b)(6). Defendants also sought dismissal of all claims against "Does 1 through 50," alleging these defendants had not been identified, served, or made parties to the suit.

Following a hearing on the motion held 26 October 2009 the trial court granted defendants' motion. Plaintiff appeals the trial court's order.

## II. Jurisdiction and Standard of Review

Because the trial court entered a final order as to all of plaintiff's claims, this Court has jurisdiction to hear plaintiff's appeal pursuant to N.C. Gen. Stat. § 7A-27(b) (2009).

This Court reviews *de novo* a trial court's dismissal of a complaint for failure to state a claim for relief. *S.N.R. Mgmt. Corp. v. Danube Partners 141, LLC*, 189 N.C. App. 601, 606, 659 S.E.2d 442, 447 (2008). This Court must determine " 'whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not.' " *Id.* at 606, 659 S.E.2d at 448 (citation omitted). Dismissal of a complaint under Rule 12(b)(6) is proper "(1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim." *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985).

### III. Analysis

### A. Plaintiff's Claim for Negligent Construction

[1] In his first argument on appeal, plaintiff contends that the trial court erred in granting defendants' motion to dismiss plaintiff's claim that defendants were negligent in the construction of his home. We agree and conclude that plaintiff's complaint alleged a claim of negligence sufficient to survive defendants' Rule 12(b)(6) motion to dismiss.

Plaintiff contends that, as a subsequent owner of the home, he has standing to assert a claim of negligence against the builder for breaching his duty to plaintiff to use ordinary care in the construction of the home. Plaintiff insists our Supreme Court's holding in *Oates v. JAG, Inc.* is controlling on this issue. 314 N.C. at 277, 333 S.E.2d at 223-24. We agree.

The house that was the subject of the litigation in *Oates* was constructed by the defendant and subsequently sold to two successive owners before being purchased by the plaintiffs who were the third owners. *Id.* at 277, 333 S.E.2d at 224. These subsequent owners discovered numerous latent defects in the home's construction. *Id.* As a result of these defects, the plaintiffs incurred monetary damages for extensive repairs. *Id.* The plaintiffs sued the builder for negligent construction seeking compensation for these repairs. *Id.* at 278, 333 S.E.2d at 224. The defendant moved for dismissal of the plaintiffs' complaint for, among other reasons, failure to state a claim upon which relief could be granted. *Id.* The trial court granted the motion, the plaintiffs appealed, and this Court affirmed the order concluding that due to the plaintiffs' lack of privity with the defendant the plain-

tiffs could not sustain a claim for relief for negligent construction against the builder. *Oates v. JAG, Inc.*, 66 N.C. App. 244, 244, 246-47, 311 S.E.2d 369, 370-71 (1984), *rev'd*, 314 N.C. 276, 333 S.E.2d 222 (1985).

Our Supreme Court granted certiorari and reversed and remanded the case. *Oates*, 314 N.C. at 284, 333 S.E.2d at 227. Noting that while many jurisdictions deny subsequent purchasers the right to maintain a claim based on the traditional theory of implied warranty, the Court reasoned that plaintiffs claiming latent construction defects by a defendant-builder should not be denied relief in tort solely for lack of contractual privity with the builder, holding: "[A] subsequent purchaser can recover in negligence against the builder of the property if the subsequent purchaser can prove that he has been damaged as a proximate result of the builder's negligence." *Id.* at 281, 333 S.E.2d at 226.

In the present case, plaintiff's complaint alleged defendants' construction breached defendants' duty of care to plaintiff as the construction was not performed in a good and workmanlike manner, and resulted in specific and numerous defects that will require costly repairs and potential loss of property value. Thus, plaintiff's complaint sufficiently alleged a claim of negligence against defendants, and it was error for the trial court to dismiss the claim.

On appeal, defendants concede that a subsequent purchaser of a residence may sustain a claim of negligence against the builder. Defendants argue, however, that *Oates*, and a subsequent decision by our Supreme Court, *Floraday v. Don Galloway Homes*, 340 N.C. 223, 456 S.E.2d 303 (1995), require the subsequent purchaser to show either a violation of a building code, constituting negligence *per se*, or defects in construction that materially affect the structural integrity of the dwelling. We conclude defendants' interpretation of the case law is incorrect.

While the plaintiffs in the case before the *Oates* Court alleged several violations of the North Carolina Uniform Residential Building Code, we find nothing in the Court's opinion to require a showing of statutory violations. 314 N.C. 276, 333 S.E.2d 222. Nor can we accept defendants' contention that the Court's decision in *Floraday* limited *Oates*' holding to only those instances in which the alleged construction defects materially affect the structural integrity of the dwelling.

The plaintiffs in *Floraday* were subsequent purchasers of their home having bought their house from the original owner who con-

tracted with the builder for its construction. 340 N.C. at 224, 456 S.E.2d at 304. The plaintiffs sued the builder for negligent construction of a backyard retaining wall alleging the retaining wall's defects threatened the structural integrity of the house. *Id.* at 223-24, 456 S.E.2d at 304. This Court reversed the trial court's entry of summary judgment for the defendant-builder holding that a subsequent purchaser of a home may hold the builder liable for the negligent construction of a structure on the premises that materially affects the "use and enjoyment of the house itself." *Floraday v. Don Galloway Homes*, 114 N.C. App. 214, 217, 441 S.E.2d 610, 612 (1994), *aff'd*, 340 N.C. 223, 456 S.E.2d 303 (1995).

Upon discretionary review, our Supreme Court affirmed but limited the holding of the Court of Appeals such that "a subsequent purchaser of a home may hold the builder liable for the negligent construction of *other structures* where the defective construction materially affects the *structural integrity* of the house itself." *Floraday*, 340 N.C. at 229, 456 S.E.2d at 307 (emphasis added). Thus, contrary to defendants' contention, our Supreme Court affirmed the holding of *Oates* and expanded its reach to encompass a category of defects in structures other than the house that materially affect the house's structural integrity. *Id.* As plaintiff's complaint in the present case concerns defects only in the house itself and not in other structures, our Supreme Court's holding in *Floraday* is distinguishable. *Oates*, however, is controlling, and supports plaintiff's claim of negligent construction against defendants. Because we find plaintiff has made sufficient allegations of negligence, we hold it was error for the trial court to dismiss plaintiff's claim.

## B. Plaintiff's Claim for Breach of Contract

[2] Plaintiff's second argument on appeal is that the trial court erred in dismissing his claim for breach of contract. To sustain a claim for breach of contract, plaintiff must allege a valid contract existed and breach of the terms of that contract. *See Sanders v. State Personnel Comm'n*, 197 N.C. App. 314, 320, 677 S.E.2d 182, 187 (2009), *disc. review denied*, 363 N.C. 806, 691 S.E.2d 19, *disc. review dismissed*, 363 N.C. 806, 691 S.E.2d 20 (2010). While defendants contend that plaintiff cannot maintain a breach of contract claim due to a lack of privity, our statutes and case law provide "[t]he right of the assignee of a chose in action arising out of contract to sue therefor in his own name has been declared by statute . . . and has been upheld in numerous decisions of this court." *Rickman v. Holshouser*, 217 N.C. 377,

378, 8 S.E.2d 199, 199 (1940); *Morton v. Thornton*, 259 N.C. 697, 699, 131 S.E.2d 378, 380 (1963) ("An assignee of a contractual right is a real party in interest and may maintain the action."); N.C. Gen. Stat. § 1-57 (2009) ("An action may be maintained by a grantee of real estate in his own name, when he or any grantor or other person through whom he derives title might maintain such action . . . ."). Further, this Court has recognized the right of an assignee of a construction contract to maintain a claim for damages resulting from alleged construction defects. *See Land v. Tall House Bldg. Co.*, 150 N.C. App. 132, 135-36, 563 S.E.2d 8, 10 (2002).

In the instant case, the record is unclear as to whether plaintiff is, in fact, an assignee of any possible claims the Boyles may have had against defendants. Pursuant to defendants' Rule 12(b)(6) motion to dismiss, however, we must accept the allegations in plaintiff's complaint as true and determine if the allegations are sufficient to state a claim for relief. *See S.N.R. Mgmt. Corp.*, 189 N.C. App. at 606, 659 S.E.2d at 448. We conclude plaintiff has met his burden.

Plaintiff's complaint alleged that the Boyles entered into a contract with defendants for the construction of the residence in a "good and workmanlike manner," and a separate contract to correct all construction defects. Plaintiff asserts that he is the Boyles' successor-in-interest to any claims under these contracts, and as such, has standing to enforce them. Finally, plaintiff contends defendants breached these contracts by their negligent construction and failure to make necessary corrections. We conclude plaintiff alleged the elements for a breach of contract claim and the trial court erred in dismissing plaintiff's claim.

## C. Breach of Implied Warranty

[3] In addition to his claims of negligent construction and breach of contact, plaintiff asks this Court to liberally construe his complaint to have set forth an additional cause of action for breach of implied warranty of habitability. Our review of plaintiff's complaint and the transcript of the hearing on defendants' motion to dismiss reveals that this theory of relief was not addressed by defendants or the trial court. Because the trial court did not address whether plaintiff's complaint could support a cognizable claim for breach of implied warranty of habitability, we need not reach this issue either. Our reversal of the trial court's order for dismissal of plaintiff's claims of negligence and breach of contract is sufficient to dispense with this appeal.

## IV. Conclusion

We conclude that the trial court erred in dismissing plaintiff's claim for negligence and breach of contract. Accordingly, the trial court's order dismissing plaintiff's claims is

Reversed.

Judges HUNTER, Robert C., and WALKER concur.