**HANOVER INSURANCE CO. v. AMANA REFRIGERATION, INC.**

[106 N.C. App. 79 (1992)]

Here, the findings and conclusions by the trial court support the dismissal of defendant's second and third defenses.

Affirmed.

Judge ORR concurs.

Chief Judge HEDRICK concurs with a separate opinion.

Chief Judge HEDRICK concurring.

I concur in the result reached by the majority, but I would vote to dismiss the appeal. Defendants have appealed from an order striking certain of their defenses. In the order appealed from, the trial court expressly stated:

> This cause is retained for further hearing upon the Third Defense set out in the answer of the Defendant Security Bank relating to the issue of damages suffered the defendant by the taking of its land.

Obviously, this is not a final judgment and does not deprive defendant of a substantial right within the meaning of G.S. 1-277. No good is served by our consideration of these fragmentary appeals.

---

THE HANOVER INSURANCE COMPANY, Subrogee of ZIMP ATKINSON, Plaintiff v. AMANA REFRIGERATION, INC., Defendant

No. 9116SC372

(Filed 7 April 1992)

1. **Rules of Civil Procedure § 4 (NCI3d) — service on corporation — wrong registered agent — sixty day savings provision not applicable**

   The sixty day savings provision against the statute of limitations found in N.C.G.S. § 1A-1, Rule 4(j2)(2), was not applicable where service by registered mail was attempted, but not on the registered agent or agent authorized by law to accept service for defendant. A careful review of the savings provision indicates it is limited in scope and may only be employed where the original service was made by registered

or certified mail upon a person residing in the addressee's dwelling house or usual place of abode, and it later appears that the person who received the receipt was not a person of suitable age and discretion residing therein.

**Am Jur 2d, Limitation of Actions § 212; Process §§ 234, 265.**

2. **Limitation of Actions § 4.1 (NCI3d)— defective air conditioner — house fire—three year statute of limitations**

The trial judge properly concluded that the applicable limitation period was three years under N.C.G.S. § 1-52, rather than four years under N.C.G.S. § 25-2-725, where the action was not based on the air conditioner being defective, but on this defective unit causing a fire which resulted in damages to the house. The loss sought to be recovered is the damage to the real property and not just the value or replacement of the air conditioning unit.

**Am Jur 2d, Limitation of Actions §§ 121, 122.**

3. **Limitation of Actions § 12 (NCI3d)— improper service—order that action could be recommenced within one year—limitations period not extended**

An order by the trial court that plaintiff could recommence its action within one year of the date of the original dismissal for improper service did not have the force of extending the limitations period, which had already run its course.

**Am Jur 2d, Limitation of Actions § 311.**

APPEAL by plaintiff from order entered 18 December 1990 by *Judge Dexter Brooks* in ROBESON County Superior Court. Heard in the Court of Appeals 12 February 1992.

In October 1984, Zimp Atkinson (Atkinson), plaintiff's insured, purchased an air conditioner manufactured by Amana Refrigeration, Inc. (defendant). On 15 September 1986, this air conditioning unit allegedly malfunctioned, resulting in a fire which destroyed Atkinson's house. The Hanover Insurance Company (plaintiff) paid Atkinson's losses and became subrogated to his rights.

On 11 September 1989, plaintiff commenced an action against defendant by filing a complaint and issuing a summons. Defendant moved to dismiss this action since service of the summons and complaint was made upon CT Corporation System which was not

HANOVER 'INSURANCE CO. v. AMANA REFRIGERATION, INC.

[106 N.C. App. 79 (1992)]

the registered agent for accepting service of process. On 12 April 1990, the trial court granted defendant's motion to dismiss. On 2 May 1990 plaintiff filed the present action and defendant moved for summary judgment on 7 September 1990. On 18 December 1990, the trial court entered an order granting defendant's requested relief on the grounds that plaintiff's action was barred by the applicable three-year statute of limitations, however the order dismissing the first action was amended on that same date to provide that plaintiff could "recommence its action against defendant at any time within one year after the date of entry of this dismissal order."

*Bailey & Dixon, by Gary S. Parsons and David S. Coats; and Huggins & Pounds, by Dallas M. Pounds, for plaintiff appellant.*

*McLeod, Senter & Hockman, P.A., by William L. Senter, for defendant appellee.*

WALKER, Judge.

[1] In its first assignment of error, plaintiff contends its claim is not barred by the statute of limitations for two reasons: (1) Rule 4(j2)(2), N.C. Rules of Civil Procedure, allowed plaintiff an additional sixty days after the action was dismissed within which to file a new action; and (2) the appropriate statute of limitations applicable to this action was the four-year limitation period for Uniform Commercial Code (UCC) actions and not the three-year limitations period under G.S. 1-52.

In the present case, since plaintiff's cause of action arose when Atkinson's house burned on 15 September 1986 the first action was timely filed on 11 September 1989. However, when the first action was dismissed, plaintiff did not refile this action until 2 May 1990, more than three years after the cause of action arose. Plaintiff contends that since the first action was commenced within the three-year statute of limitations period then pursuant to Rule 4(j2)(2), N.C. Rules of Civil Procedure, the statute of limitations may not be raised as a defense since plaintiff refiled the second action within sixty days of the 12 April 1990 order of dismissal. The "saving provision" of this Rule provides that if an action was initially commenced within the period of limitation and service is completed within sixty days from the date the service is declared invalid, then the statute of limitations may not be pled as a defense. However, a careful review of this saving provision indicates it

is limited in scope and may only be employed where: (1) the original service was made by registered or certified mail upon a person residing in the addressee's dwelling house or usual place of abode; and (2) it later appears "the person who received the receipt at the addressee's dwelling house or usual place of abode was not a person of suitable age and discretion residing therein." In the present case, with defendant being a corporation, service must be made upon its registered agent, an agent authorized by law, or the officers, directors or managing agent of the corporation as per Rule 4(j)(6), N.C. Rules of Civil Procedure. Service was attempted by registered mail as provided in Rule 4(j)(6)(c), however CT Corporation System was not the registered agent or agent authorized by law to accept service for defendant. It is therefore apparent that the savings provision is not applicable to these facts and the limitation period was not extended.

[2]   We now turn to plaintiff's contention that its claims for breach of express and implied warranty are governed by the four-year statute of limitations under G.S. 25-2-725. Plaintiff alleges that its insured sustained damages to his real property as a result of a defect in the air conditioning unit manufactured by defendant. The question then is whether plaintiff can maintain this action for breach of warranty where the four-year statute of limitations under G.S. 25-2-725 applies; otherwise, the action is governed by the three-year statute of limitations. In *Bernick v. Jurden*, 306 N.C. 435, 444-445, 293 S.E.2d 405, 411-412 (1982), the Court held that "where bodily injury to the person or a defect in property is an essential element of the cause of action" the three-year statute of limitations found in G.S. 1-52 should be utilized. Here, plaintiff's action is not based on the air conditioning unit being defective, but instead is based on this defective unit causing a fire which resulted in damages to the Atkinson house. The loss sought to be recovered is the damage to this real property and not just an action to recover the value or a replacement of the air conditioning unit based on breach of warranty. Therefore, the trial judge properly concluded the applicable limitation period was three years under G.S. 1-52.

[3]   In its final assignment of error, plaintiff argues that the 18 December 1990 order providing that it could recommence this action within one year of the date of the original dismissal order vitiated the applicable statute of limitations. According to plaintiff, it has complied with this order by commencing this action within one year of the dismissal of the first action. In *Long v. Fink*,

80 N.C.App. 482, 342 S.E.2d 557 (1986), this Court dealt with a situation similar to the present case. There, plaintiff instituted his first action on 1 August 1979, the last date the action could be commenced before being barred by the applicable statute of limitations. Defendant was never served and the summons expired 30 October 1979. On 19 May 1980, the trial court dismissed the action without prejudice and in its order specified that plaintiff could refile within one year. Plaintiff argued his claim was not barred because his action was refiled within one year as provided by the trial court. This Court disagreed and said that when the action was discontinued by operation of law on 30 October 1979, the statute of limitations had run its remaining course and the court's order of voluntary dismissal on 19 May 1980 allowing plaintiff another year within which to refile the action did not have the effect of extending the limitations period.

In the present case, defendant was not properly served with summons and complaint and the limitations period expired 15 September 1989. As in *Long v. Fink, supra*, the trial court's order providing that plaintiff had an additional year to refile does not have the force of extending the limitations period which had already run its course. The trial court's entry of summary judgment in favor of the defendant is

Affirmed.

Judges ARNOLD and PARKER concur.