ROBERT SHARON McCARVER, EXECUTOR OF THE ESTATE OF ROBERT ALEXANDER McCARVER, Plaintiff v. WILLIAM HENRY BLYTHE, JR., DONNA BLYTHE HARRINGTON, PERRY BLYTHE, PATTI BLYTHE LEMMONDS, MARILYN BLYTHE WOOTEN, TERRY F. BLYTHE and ROBIN S. BLYTHE, Defendants

No. COA00-1116

(Filed 4 December 2001)

**Statutes of Limitations and Repose— waste—accrual of action—first discovery of damage**

A 2000 counterclaim for permissive waste by a remainderman against the estate of the life tenant was barred by the statute of limitations where the remainderman admitted visiting the home in 1992 and noticing that the porches and roof were rotting, that boards needed replacing, and that the roof needed "sheathing." A remainderman's action for waste accrues from the date of the first act or omission of the life tenant and N.C.G.S. § 1-52 (16) does not change the fact that the injury springs into existence and completes the cause of action once some physical damage has been discovered. Further damage discovered in 1999, after the life tenant's death, does not permit the remainderman to circumvent the statute of limitations.

Appeal by defendant, William Henry Blythe, Jr., from judgment entered 6 April 2000 by Judge Michael E. Beale in Union County Superior Court. Heard in the Court of Appeals 20 August 2001.

*Perry, Bundy, Pyler & Long, L.L.P., by H. Ligon Bundy, for plaintiff-appellee.*

*Griffin, Smith, Caldwell, Helder & Lee, P.A., by W. David Lee and Annika M. Goff, for defendant-appellant.*

TIMMONS-GOODSON, Judge.

William Henry Blythe, Jr. ("defendant") appeals from an order of the trial court granting summary judgment in favor of Robert Sharon McCarver ("plaintiff"), executor of the estate of Robert Alexander McCarver.

The relevant factual and procedural background is as follows: In 1960, Lena Blythe ("Lena") inherited a life estate in land located at 2002 Billy Howie Road in Waxhaw, North Carolina. Lena's nephews,

defendant and Larry F. Blythe ("Larry"), acquired the remainder interest with each owning a one-half interest in the property. The property consisted of 29.5 acres of land, a two-story house and three outbuildings. On 13 April 1964, defendant and Larry executed a deed conveying a life estate in the property to Lena's husband, Robert Alexander McCarver ("decedent"), retaining the remainder in fee simple. The conveyance was subject to the life estate held by Lena. Lena died in 1992, and Robert continued to occupy the property until his death in 1999.

In his deposition, defendant testified that he visited the property several times over the two months following Lena's death in 1992. During his visits, defendant stated that he observed deterioration in the home and indicated that the porches were "getting in bad shape." Defendant did not visit the property again until 1999 and at that time, defendant testified, the property was in "total disrepair."

Plaintiff commenced an action to recover personal property belonging to decedent's estate on 12 April 1999. Subsequently, defendant filed a counterclaim on 15 March 2000 requesting damages for permissive waste alleging that decedent failed to exercise reasonable precautions to preserve the property. Additionally, defendant alleged that decedent failed to act with due regard toward the rights of the remaindermen. The failure to act, defendant asserted, extensively and permanently destroyed the estate.

Plaintiff filed a motion for summary judgment regarding defendant's counterclaim. In support of the motion, plaintiff offered the affidavit of Warren Carter Plyler ("Plyler") who visited the home on a regular basis for over thirty years. Plyler indicated that he noticed a slow deterioration in the property for many years prior to Lena's death. He indicated that the property was in "poor condition" at Lena's death and that the value of the property did not "appreciably change" between 1992 and 1999. On 22 June 2000 the trial court entered an order granting summary judgment in favor of plaintiff.

Defendant's sole contention on appeal is that summary judgment was improper because the trial court erred in finding that his claim for waste against a life tenant, was barred by the statute of limitations.

It is well established that "[s]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *Thompson v. Three Guys Furniture Co.*, 122 N.C. App. 340, 344, 469 S.E.2d 583, 585 (1996) (quoting N.C. Gen. Stat. § 1A-1, Rule 56 (c)). The moving party has the burden of "positively and clearly showing that there is no genuine issue as to any material fact and that he or she is entitled to judgment as a matter of law." *James v. Clark*, 118 N.C. App. 178, 180, 454 S.E.2d 826, 828, *disc. review denied*, 340 N.C. 359, 458 S.E.2d 187 (1995). All the evidence presented is "viewed in the light most favorable to the non-movant." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1988).

"Whether a cause of action is barred by the statute of limitations is a mixed question of law and fact." *Hatem v. Bryan*, 117 N.C. App. 722, 724, 453 S.E.2d 199, 201 (1995). However, when the bar is properly pleaded and the facts are admitted or are not in conflict, the question of whether the action is barred becomes a question of law, and summary judgment is appropriate. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 69 N.C. App. 505, 508, 317 S.E.2d 41, 43 (1984), *aff'd*, 313 N.C. 488, 329 S.E.2d 350 (1985).

Defendant's claim against decedent for waste is based upon a theory that the decedent failed to properly maintain the property in a state of good repair, known as permissive waste. *Norris v. Laws*, 150 N.C. 599, 64 S.E. 499 (1909). The applicable statute of limitations for permissive waste is three years. *Sherrill v. Connor*, 107 N.C. 630, 12 S.E. 588 (1890). A remainderman's action for waste accrues from the date of the first act or omission of the life tenant. *Id.* Although defendant does not contest the application of a three-year statute of limitations, he contends that it begins to run when the physical damage to the property is discovered. Under N.C. Gen. Stat. § 1-52(16) (1999), which allows accrual of actions for physical damage of property when the damage is discovered, defendant contends his cause of action did not accrue until Robert's death in 1999. Defendant asserts that only at Robert's death did his interest become possessory which is when he had a reasonable opportunity to discover the waste. For the reasons discussed below, we disagree.

" '[W]here bodily injury to the person or a defect in property is an essential element of the cause of action', the three-year statute of limitations found in [N.C. Gen. Stat. § 1-52] should be utilized." *Hanover Insurance Co. v. Amana Refrigeration, Inc.*, 106 N.C. App. 79, 82, 415 S.E.2d 99, 101 (quoting *Bernick v. Jurden*, 306 N.C. 435, 444-45, 293 S.E.2d 405, 411-12 (1982)) *disc. review denied*, 332 N.C. 344, 421

S.E.2d 147 (1992). Section 1-52 (16) provides that a cause of action for personal injury or physical property damage "shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs." N.C. Gen. Stat. § 1-52(16) (1999). The primary purpose of the discovery rule set forth in N.C. Gen. Stat. § 1-52 (16) "is that it is intended to apply to plaintiffs with latent injuries." *Robertson v. City of High Point*, 129 N.C. App. 88, 91, 497 S.E.2d 300, 302, *disc. review denied*, 351 N.C. 370, 510 S.E.2d 654 (1998).

In applying the discovery rule, it must be determined when defendant knew or should have known the cause of action accrued. Under common law, "[w]hen the right of the party is once violated, even in ever so small a degree, the injury, in the technical acception of that term, at once springs into existence and the cause of action is complete." *Mast v. Sapp*, 140 N.C. 533, 540, 53 S.E. 350, 352 (1906). "G.S. § 1-52 (16) modifies [the common law] rule in the case of latent damage only to the extent that it requires discovery of physical damage before a cause of action can accrue." *Pembee*, 69 N.C. App. at 508, 317 S.E.2d at 43. However, "[i]t does not change the fact that once some physical damage has been discovered, the [damage or] the injury springs into existence and completes the cause of action." *Pembee* at 509, 317 S.E.2d at 43.

In *Pembee*, plaintiffs had contracted with defendants to construct an industrial plant. Plaintiff filed an action in 1981 alleging that faulty construction had caused the roof to leak. Plaintiff found leaks in the roof in 1973, 1976 and 1977. Plaintiff argued that these leaks were not of the same nature as those discovered in 1980. Therefore, under G.S. § 1-52 (16), a cause of action did not accrue until the defect could have reasonably been apparent. This Court ruled that the leaks in 1973, 1976, and 1977 should have made it apparent that the roof was defective. *Id.* Thus by 1976, plaintiff's cause of action for the property damage accrued. The Court further stated that "this statute serves to delay the accrual of a cause of action in the case of latent damages until the plaintiff is aware he has suffered damage, not until he is aware of the full extent of the damages suffered." *Id.*

Similarly, in the case *sub judice*, defendant was aware of the deterioration occurring to the property before and after Lena's death in 1992. In his deposition, defendant testified that he knew as early as 1992 that the property was deteriorating and causing permanent damage to his remainder interest. He admitted visiting the home in 1992

and noticing that the porches and the roof were rotting, noting that the boards needed replacing and roof needed "sheathing." Defendant conceded that "little things could have been done early that would have kept the big things from happening." The evidence clearly establishes that defendant knew of damage to the property in 1992 and any further damage discovered in 1999, "does not permit [defendant] to circumvent the bar of the statute of limitations." *Pembee* at 509, 317 S.E.2d at 43. By failing to institute this action within three years of discovering the alleged waste in 1992, defendant is barred by the three-year statute of limitations for permissive waste. Defendant is therefore not entitled to the protection of the discovery rule outlined in N.C. Gen. Stat. § 1-52 (16).

Therefore, summary judgment in favor of plaintiff was appropriate. Based on the foregoing analysis, the trial court's decision is affirmed.

Affirmed.

Chief Judge EAGLES and Judge THOMAS concur.