IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-265

No. COA20-321

Filed 15 June 2021

Wake County, No. 19 CVD 14025

LAWRENCE BENIGNO, Plaintiff,

v.

SUMNER CONSTRUCTION, INC. and JAMES A. RIGGAN, JR., Defendants.

Appeal by Plaintiff from Order entered 31 January 2020 by Judge Debra A. Sasser in Wake County District Court. Heard in the Court of Appeals 12 January 2021.

*Ryan Hayden Smith for plaintiff-appellant.*

*Howard, Stallings, From, Atkins Angell & Davis, P.A., by Brian E. Moore, for defendants-appellees.*

MURPHY, Judge.

¶ 1        Plaintiff Lawrence Benigno ("Benigno") appeals a judgment dismissing his claims against Defendants Sumner Construction, Inc. ("Sumner") and James Riggan, Jr. ("Riggan") (collectively, "Defendants"). Benigno contends the trial court erred in granting *Defendants' Motion for Judgment on the Pleadings* because his breach of contract claim is not waived by the "as-is" provision in the Offer to Purchase and Contract; the implied warranty of workman-like quality requires his breach of

contract claim be referred to a factfinder; and his negligent construction claim is not barred by the applicable statute of limitations, N.C.G.S. § 1-52(16).

¶ 2 Although we conclude the trial court did not err in dismissing Benigno's breach of contract claim, we are persuaded the trial court erred in dismissing Benigno's negligent construction claim as the statute of limitations may not bar the claim. We affirm the trial court's ruling dismissing Benigno's claim for breach of contract, reverse the portion of the order dismissing Benigno's negligent construction claim and remand to the trial court for further proceedings not inconsistent with this opinion.

## BACKGROUND

¶ 3 On 14 May 2015, Benigno entered into a contract with Sumner for the purchase of a newly constructed residence located in Youngsville. Among other things, the contract consisted of a Standard Form 2-T "Offer to Purchase and Contract" ("the Agreement") and a Standard Form 2A3-T "New Construction Addendum" ("the Addendum"). The Agreement provided "CLOSING SHALL CONSTITUTE ACCEPTANCE OF THE PROPERTY IN ITS THEN EXISTING CONDITION UNLESS PROVISION IS OTHERWISE MADE IN WRITING." Additionally, the Addendum stated Sumner would "[a]dd [a] Black Aluminum fence with [a] 5 foot gate in [the] back yard[,] surrounding property lines . . . ." Sumner hired Riggan as a

subcontractor to install the fence, which was completed at or around the closing date. Benigno closed on the property on 1 July 2015.

¶ 4 During spring of 2019, Benigno's neighbor erected a fence along the neighbor's property line. The addition of the neighbor's fence created a gap between Benigno's fence and the neighbor's fence. At this point, Benigno realized his fence was not built "surrounding property lines" and was informed by Sumner (acting as the HOA architectural committee) he was responsible for maintaining the gap between the two fences.

¶ 5 In response, Benigno filed suit against Sumner alleging breach of contract and against Riggan alleging negligent construction. Defendants filed a motion for judgment on the pleadings, arguing in pertinent part:

> 2. [Benigno's] claim for breach of contract should be dismissed because, as alleged in the Complaint, Defendant Sumner installed a fence at the property prior to closing in accordance with the terms of the [Agreement] which was accepted by [Benigno] at closing and for four years thereafter without objection. The [Agreement] expressly provides that [Benigno] is accepting the property "as is."
>
> . . . .
>
> 4. As alleged in [Benigno's] Complaint, the fence was completed and closing occurred on [15 July 2015] and as such [Benigno's] claim against Defendant Riggan for negligent construction is barred by the statute of limitations.

After a hearing, the trial court granted Defendants' motion, ruling "[i]t appears from the pleadings that no material issue of fact remains to be resolved and that Defendants are entitled to an order dismissing [Benigno's] claims." Benigno timely appealed.

## ANALYSIS

¶ 6 The ultimate issue on appeal is whether the trial court erred in granting *Defendants' Motion for Judgment on the Pleadings*. "This Court reviews a trial court's grant of a motion for judgment on the pleadings *de novo*." *Carpenter v. Carpenter*, 189 N.C. App. 755, 757, 659 S.E.2d 762, 764 (2008).

¶ 7 Pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." N.C.G.S. § 1A-1, Rule 12(c) (2019). In determining whether to grant a motion for judgment on the pleadings,

> [t]he trial court is required to view the facts and permissible inferences in the light most favorable to the nonmoving party. All well pleaded factual allegations in the nonmoving party's pleadings are taken as true and all contravening assertions in the movant's pleadings are taken as false. All allegations in the nonmovant's pleadings, except conclusions of law, legally impossible facts, and matters not admissible in evidence at the trial, are deemed admitted by the movant for purposes of the motion.

*Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974) (citations omitted).

¶ 8       The function of Rule 12(c) "is to dispose of baseless claims or defenses when the formal pleadings reveal their lack of merit. A motion for judgment on the pleadings is the proper procedure when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Id*. "Judgments on the pleadings are disfavored in law[.]" *Groves v. Cmty. Hous. Corp.*, 144 N.C. App. 79, 87, 548 S.E.2d 535, 540 (2001).

## A. Breach of Contract Claim

### 1. "As-Is" Provision in the Agreement

¶ 9       In *Defendants' Motion for Judgment on the Pleadings*, Defendants argue:

> [Benigno's] claim for breach of contract should be dismissed because, as alleged in the Complaint, Defendant Sumner installed a fence at the property prior to closing in accordance with the terms of the [Agreement] which was accepted by [Benigno] at closing and for four years thereafter without objection. The [Agreement] expressly provides that [Benigno] is accepting the property "as is."

¶ 10       "Interpreting a contract requires the court to examine the language of the contract itself[.]" *State v. Philip Morris USA, Inc.*, 363 N.C. 623, 631, 685 S.E.2d 85, 90 (2009). When the terms of a contract are "plain and unambiguous, there is no room for construction. The contract is to be interpreted as written." *Jones v. Casstevens*, 222 N.C. 411, 413, 23 S.E.2d 303, 305 (1942).

¶ 11 The plain and unambiguous language of the Agreement states, in relevant part: "CLOSING SHALL CONSTITUTE ACCEPTANCE OF THE PROPERTY IN ITS THEN EXISTING CONDITION UNLESS PROVISION IS OTHERWISE MADE IN WRITING." Since Benigno proceeded to closing, he agreed to accept the property in its current condition under the express terms of the Agreement. Pursuant to the Agreement, he could not thereafter claim Sumner's improvements to the property prior to the closing were inadequate. By executing this provision interpreted as it is written, Benigno cannot successfully pursue a breach of contract claim based on a defective condition of the property. The trial court properly concluded "Defendants are entitled to an order dismissing [Benigno's] claim[]" for breach of contract.

**2. Implied Warranty of Workman-Like Quality**

¶ 12 Benigno also argues that because every contract for the sale of a recently constructed dwelling contains an implied warranty of workman-like quality, the breach of contract claim must be referred to a factfinder. However, Benigno has failed to preserve this argument for our review.

¶ 13 Where "[t]he record does not contain anything in the pleadings, transcripts, or otherwise, to indicate that [an] issue . . . was presented to the trial court[,] . . . we refuse to address the issue for the first time on appeal." *Bell v. Nationwide Ins. Co.*, 146 N.C. App. 725, 728, 554 S.E.2d 399, 402 (2001). Here, the Record does not contain

anything in the pleadings,[1] transcripts, or otherwise to indicate the issue of the implied warranty of workman-like quality was presented to the trial court. We decline to review Benigno's argument regarding the implied warranty of workman-like quality. *See Domingue v. Nehemiah II, Inc.*, 208 N.C. App. 429, 435, 703 S.E.2d 462, 466 (2010) (declining to review the plaintiff's breach of implied warranty of habitability argument when the complaint and the transcript of the motion to dismiss hearing revealed this theory of relief was not raised by the plaintiff or addressed by the trial court).

## B. Negligent Construction Claim

¶ 14    Finally, Benigno argues the trial court erred in granting *Defendant's Motion for Judgment on the Pleadings* and dismissing the negligent construction claim, contending the matter should have been referred to a finder of fact because the applicable statute of limitations, N.C.G.S. § 1-52(16), does not bar the negligent construction claim.

¶ 15    Benigno contends his negligent construction claim accrued on or about 20 March 2019, when he received actual notice of the improper installation of the fence, and therefore the statute of limitations does not bar his claim. Riggan argues Benigno's claim accrued on 1 July 2015, when the improper installation of the fence

---

[1] We note Benigno's complaint does not mention the implied warranty of workman-like quality.

ought reasonably to have become apparent to Benigno, and the statute of limitations bars Benigno's claim.

¶ 16        The applicable statute of limitations for claims involving negligence for personal injury or physical damage to a claimant's property[2] is three years, which "shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs."  N.C.G.S. § 1-52(16) (2019).  "The primary purpose of [N.C.G.S.] § 1-52(16) is that it is intended to apply to plaintiffs with latent injuries." *Robertson v. City of High Point*, 129 N.C. App. 88, 91, 497 S.E.2d 300, 302, *disc. rev. denied*, 348 N.C. 500, 510 S.E.2d 654 (1998).  In the case of a latent injury, N.C.G.S. § 1-52(16) "requires discovery of physical damage before a cause of action can accrue." *McCarver v. Blythe*, 147 N.C. App. 496, 499, 555 S.E.2d 680, 683 (2001).  "[O]nce some physical damage has been discovered, . . . the injury springs into existence and completes the cause of action." *Id*.  A central question in this case is whether the improper installation of the fence might constitute a latent defect in order to determine when Benigno's cause of action accrued.

¶ 17        A latent defect is a defect which is not "obvious or discoverable upon a reasonable inspection by the plaintiff[] . . . ." *Oates v. JAG, Inc.*, 314 N.C. 276, 281,

---

[2] Whether "physical damage" has occurred to Benigno's property is not in dispute in this appeal.

333 S.E.2d 222, 226 (1985). In *Oates*, the defects in the plaintiff's home consisted of

> the installation of a drain pipe which had been cut, the
> failure to use grade-marked lumber, the failure to comply
> with specific provisions of the North Carolina Uniform
> Residential Building Code pertaining to certain weight
> bearing requirements, improper and insufficient nailing on
> bridging and beams, and faulty and shoddy workmanship.

*Id.* at 277, 333 S.E.2d at 224. Our Supreme Court held these defects were latent because they were "of such a nature that . . . they would not ordinarily be discovered by a purchaser during a reasonable inspection." *Id.* at 281-82, 333 S.E.2d at 226.

¶ 18      At the hearing, Riggan argued the location of the fence was not a latent defect because it could be easily discovered by a routine property survey:

> [T]his is not a latent defect[.] It's a fence. It was visible.
> [Benigno] . . . contend[s] it's too far off the property line . .
> . . [T]hat kind of issue could easily be discovered with a
> survey, which is a routine thing that is done or should be
> done in any residential purchase of real estate.

We disagree with the absoluteness of Riggan's logic—primarily because at this preliminary stage of the litigation, it is not supported by the allegations and admissions in the pleadings to support entry of judgment on the pleadings.

¶ 19      "Whether a cause of action is barred by the statute of limitations is a mixed question of law and fact." *Jack H. Winslow Farms, Inc. v. Dedmon*, 171 N.C. App. 754, 756, 615 S.E.2d 41, 43, *disc. rev. denied*, 360 N.C. 64, 621 S.E.2d 625 (2005). "[W]hen the bar is properly pleaded and the facts are admitted or are not in conflict,

the question of whether the action is barred becomes a question of law, and [judgment on the pleadings] is appropriate." *Id.* However, "[w]hen the evidence is sufficient to support an inference that the limitations period has not expired," judgment on the pleadings is premature. *Everts v. Parkinson*, 147 N.C. App. 315, 319, 555 S.E.2d 667, 670 (2001). Indeed, the need for a land survey may even suggest to the factfinder that the exact location of the fence is not "obvious or discoverable upon a reasonable inspection by [Benigno]" and that the location of the fence "would not ordinarily be discovered by a purchaser during a reasonable inspection." *Oates*, 314 N.C. at 281-82, 333 S.E.2d at 226. At a minimum, development of an evidentiary record in this case is necessary to resolve this question. Ultimately, we hold on the Record before us at this stage of the litigation, the improper location of the fence may be a latent defect and, as such, Riggan is not entitled to judgment on the pleadings.

¶ 20          As Benigno suffers a potentially latent injury, he must have "discover[ed] [] physical damage before a cause of action can accrue." *McCarver*, 147 N.C. App. at 499, 555 S.E.2d at 683. Taking the allegations in the complaint as true, Benigno reasonably discovered the physical damage upon the installation of his neighbor's fence, on or about 20 March 2019. Benigno's cause of action may have accrued on 20 March 2019 and the three-year statute of limitations may have begun to run on that date. Benigno brought suit on 9 October 2019, less than seven months after he discovered the physical damage. The statute of limitations does not necessarily bar

Benigno's negligent construction claim.

¶ 21        "A motion for judgment on the pleadings is the proper procedure when all the material allegations of fact are admitted in the pleadings and only questions of law remain.  When the pleadings do not resolve all the factual issues, judgment on the pleadings is generally inappropriate."  *Ragsdale*, 286 N.C. at 137, 209 S.E.2d at 499.  "Judgments on the pleadings are disfavored in law, and the trial court must view the facts and permissible inferences in the light most favorable to the non-moving party."  *Groves*, 144 N.C. App. at 87, 548 S.E.2d at 540 (citing *Flexolite Elec., Ltd. v. Gilliam*, 55 N.C. App. 86, 88, 284 S.E.2d 523, 524 (1981)).  "A judgment on the pleadings in favor of a defendant who asserts the statute of limitations as a bar is proper when, and only when, all the facts necessary to establish the limitation are alleged or admitted."  *Id.*

¶ 22        Here, Benigno alleged in his complaint, in pertinent part:

> 13. The fence appeared to [Benigno] to be properly installed at his property line.  There was nothing to indicate to [Benigno] nor did anyone advise [Benigno] that the fence would be located anywhere other than at the property line.
>
> 14. Since closing [Benigno] maintained the property within the fence.
>
> 15. [Benigno's] neighbor to the east had maintained the yard up to the fence until he installed a plastic barrier around the spring of 2019.
>
> 16. When he did this, an uneven and excessive gap between that neighbor's property line and [Benigno's] fence was

exposed. [] Sumner approached [Benigno] and told him he needed to maintain that property. It was at this point that [Benigno] realized that his fence was not installed "surrounding" his property.

. . . .

26. This issue was latent and could not have been discovered by [Benigno] through a normal inspection.

In their *Answer*, Defendants responded to these allegations:

13. The allegations of paragraph 13 are denied.

14. The allegations of paragraph 14 are admitted upon information and belief.

15. Defendants are without information sufficient to form an opinion as to the truth or falsity of the allegations of paragraph 15 and therefore the same are denied.

16. It is admitted that [] Sumner informed [Benigno] that he needed to maintain his property. It is further admitted that [] [Benigno's] neighbor installed a fence. Except as expressly admitted herein, the allegations of paragraph 16 are denied.

. . . .

26. The allegations of paragraph 26 are denied.

In substance, Benigno has alleged, and Riggan denied, the allegedly negligent construction of the fence was not "apparent or ought reasonably to have become apparent" until Benigno's neighbor began construction of the neighboring fence in the spring of 2019 for purposes of the statute of limitations. N.C.G.S. § 1-52(16) (2019). The pleadings simply raise issues of fact rendering disposition of Benigno's negligent

construction claim via judgment on the pleadings premature.

Benigno's allegations are sufficient to support an inference that the limitations period has not expired and, as such, Riggan is not entitled to judgment on the pleadings. The trial court erred in dismissing Benigno's negligent construction claim.

## **CONCLUSION**

The trial court did not err in dismissing Benigno's claim for breach of contract as Defendants were entitled to judgment as a matter of law as to the "as-is" provision in the Agreement.

The trial court erred in dismissing Benigno's claim for negligent construction as the applicable statute of limitations may not have run at the time the complaint was filed. The portion of the order granting *Defendants' Motion for Judgment on the Pleadings* in regard to Benigno's negligent construction claim against Riggan is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

Judge HAMPSON concurs.

Judge TYSON concurs in part and dissents in part with separate opinion.

TYSON, Judge, concurring in part, dissenting in part.

¶ 28    I concur with the majority's opinion concluding the trial court properly dismissed Benigno's breach of contract and implied warranty claims and affirming that portion of the order. The majority's opinion erroneously concludes the trial court erred in dismissing the negligent construction claim. I vote to affirm the trial court's order in its entirety. I concur in part and respectfully dissent in part.

## I.    Breach of Contract

¶ 29    Our Supreme Court stated: "A motion for judgment on the pleadings is the proper procedure when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). Plaintiff accepted the property "as-is" at closing and did not timely raise an express breach and did not assert implied warranty of workman-like quality in his complaint. We all agree Defendants are entitled to judgment as a matter of law to enforce the "as is" provision in the Agreement and for Benigno's failure to assert other claims.

¶ 30    Riggan argues all of Benigno's claims accrued on 1 July 2015, when the improper installation of the fence ought reasonably to have become apparent to Benigno, and he asserts the three-years statute of limitations bars Benigno's claims. Riggan asserts the fence's location is not a latent defect. The true location could be

easily discovered by a routine property survey or Benigno could and should have verified the boundaries of his own property within the timelines of the statute of limitations.

¶ 31    The statute of limitations is three years for claims involving negligence for personal injury or physical damage to a claimant's property, which "shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or *ought reasonably to have become apparent to the claimant, whichever event first occurs.*"   N.C. Gen. Stat. § 1-52(16) (Interim Supp. 2020) (emphasis supplied).

¶ 32     This Court stated "[w]hether a cause of action is barred by the statute of limitations is a mixed question of law and fact."  *Jack H. Winslow Farms, Inc. v. Dedmon,* 171 N.C. App. 754, 756, 615 S.E.2d 41, 43, *disc. rev. denied,* 360 N.C. 64, 621 S.E.2d 625 (2005).  "[W]hen the bar is properly pleaded and the facts are admitted or are not in conflict, the question of whether the action is barred becomes a question of law, and [the trial court's Rule 12(c) judgment on the pleadings] is appropriate."  *Id.*

## II.    Negligent Construction Claim

¶ 33    As the majority's opinion states, a latent defect is a defect which is not "obvious or discoverable upon a reasonable inspection by the plaintiff[]."  *Oates v. JAG, Inc.,* 314 N.C. 276, 281, 333 S.E.2d 222, 226 (1985) (citation omitted).  In *Oates*, our

Supreme Court held the damaged pipe, lumber and code violations were latent defects because they were "of such a nature that a jury could find they would not ordinarily be discovered by a purchaser *during a reasonable inspection.*" *Id.* at 281-82, 333 S.E.2d at 226. (emphasis supplied).

¶ 34 In the trial court, Riggan argues:

> [T]his is not a latent defect. . . . It's a fence. It was visible . . . [Benigno] . . . contend[s] it's too far off the property line . . . . [T]hat kind of issue could easily be discovered with a survey, which is a routine thing that is done or should be done in any residential purchase of real estate.

¶ 35 I agree with Riggan that a fence is both clearly visible, and any purported defect in its location was easily discoverable by the owner, with or without a survey. It is not a hidden or latent defect that was not visibly apparent "*during a reasonable inspection.*" *Id.* The location of the neighbor's fence may or may not be located exactly on their property line. In any event, Benigno cannot rely upon his neighbor's actions or non-actions to be the triggering event to put Benigno on notice of an alleged defect to toll the accrual and running of the statute. N.C. Gen. Stat. § 1-52(16).

¶ 36 The trial court properly dismissed Benigno's claim for negligent construction. He failed to show any latent or hidden defect, which delayed accrual of the three-year statute of limitations to toll the running until his neighbor's actions of installing their fence. The neighbor's actions are not a triggering event to toll the statute of limitations, not dispositive of the location of Benigno's property line nor the proper

placement of his fence. I vote to affirm the trial court's judgment on the pleadings in its entirety.

### III.     Conclusion

¶ 37        Plaintiff purchased the property "as-is" and failed to bring any breach of contract action within the statute of limitations. Plaintiff also failed to bring the negligent construction claim within the applicable statute of limitations. Any alleged defect is not a latent defect and is not shown by Plaintiff's neighbor's actions. The trial court correctly dismissed all of Plaintiff's claims. I concur in part and respectfully dissent in part.